UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Francisco Ortiz,
Juan M. Ortiz,
Samuel Marquin,
Rigoberto Marquin,
Juan Mendoza,
and other similarly
situated individuals,

      Plaintiffs,

v.

Custom Homes By Kaye, Inc.,
d/b/a Kayes Lifestyle Homes,
SSCC Group, Inc., and
Jose L. Henriquez, individually,

      Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

     Come now Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel

Marquin, Rigoberto Marquin, and other similarly situated individuals, by and

through the undersigned counsel, hereby sue Defendants Custom Homes BY

Kaye, Inc., d/b/a Kayes Lifestyle Homes, SSCC Group, Inc., and Jose L.

Henriquez, individually, and allege:

<u>Jurisdiction, Venues, and Parties</u>

1. This is an action to recover monetary damages for unpaid regular and overtime wages and constructive retaliatory discharge under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin are residents of Lee County, Florida, within this Honorable Court's jurisdiction and are otherwise sui juris. Plaintiffs covered employees for purposes of the Act.

3. Defendant Custom Homes BY Kaye, Inc., d/b/a Kayes Lifestyle Homes (from now on Kayes Lifestyle Homes, or Defendant) is a Florida Profit Corporation doing business in Naples, Collier County, where Plaintiffs worked for Defendant.

4. Defendant SSCC Group, Inc. (from now on SSCC Group, or Defendant), is a Florida Profit Corporation doing business in Naples, Collier County, where Plaintiffs worked for Defendant.

5. The Individual Defendant Jose L. Henriquez was and is now the owner/partner/offices/and manager of SSCC Group. Defendant Jose L. Henriquez was the employer of Plaintiffs and others similarly situated within

the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)], and he is jointly liable for Plaintiffs' damages.

6. All the actions raised in this Complaint occurred in Collier County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

7. This cause of action is brought by Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after May 2024, (the "material time") without being adequately compensated.

8. Defendants are engaged in providing construction services. Defendants specialize in the construction and remodeling of custom homes. Plaintiffs worked on the construction of a new home located at 620 Orchid Drive, Naples, Florida 34110.

**Joint Enterprise Aggregation of Income to reach $500,000.00 threshold**

9. Defendants, (1) Kayes Lifestyle Homes and (2) SSCC Group operate as an "enterprise," as defined in 29 U.S.C. § 203 (r); 29 C.F.R. § 779.202. The combined income of the entities may be aggregated to meet the $500,000.00 threshold and establish enterprise coverage. The two entities functioned as a single unit for the purpose of providing construction and remodeling services through the labor of Plaintiffs. *Cornell v. CF Ctr., LLC*, 410 Fed. Appx. 265, 267 (11th Cir. 2011). Plaintiffs were required to perform services for both corporations. The entities performed related activities using their employees and labor to perform construction and remodeling services. They had common clients and vendors, transferred products and materials from one place to the other, jointly created business schedules, shared employees and managers, provided mutually supportive services, had the same owners, officers, and performed unified operations. Defendants engaged in services activities through a unified operation or common control and/or were commonly controlled and had a common business purpose (i.e., the construction and remodeling business).

**Joint Employment**

10. Defendants Kayes Lifestyle Homes and SSCC Group were joint employers of Plaintiff because: 1) Corporate Defendants were equally responsible for the construction and remodeling services provided by Kayes Lifestyle Homes and

SSCC Group at the jobsite where Plaintiffs and the other similarly situated employees worked; 2) Defendants Kayes Lifestyle Homes and SSCC Group had equal and absolute control over the schedules of Plaintiffs and other employees similarly situated; 3) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiffs and other employees similarly situated; 4) Corporate Defendants had equal power to hire and to fire employees from Kayes Lifestyle Homes and SSCC Group and had the arrangement to share employees; 5) Supervisors from Kayes Lifestyle Homes and SSCC Group supervised Plaintiff's work. 6) Supervisors from Kayes Lifestyle Homes and SSCC Group supervised schedules and time records of Plaintiffs and other similarly situated individuals.

11. Therefore, because Corporate Defendants Kayes Lifestyle Homes and SSCC Group equally hired and fired employees, supervised and controlled Plaintiffs' work schedules, maintained employment records of Plaintiff and other similarly situated individuals, and because the work performed by Plaintiffs and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants Kayes Lifestyle Homes and SSCC Group are joint employers within the meaning of the FLSA.

12. Defendants Kayes Lifestyle Homes and SSCC Group are also the joint employers of Plaintiffs and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)). Thus, they are jointly liable for the Plaintiffs' damages.

13. Defendants Kayes Lifestyle Homes and SSCC Group are a joint enterprise and joint employers of Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin.

14. From now on, Defendants Kayes Lifestyle Homes and SSCC Group will be called collectively Kayes Lifestyle Homes.

## Plaintiffs' Work

15. Defendants Kaye Lifestyle Homes and Jose L. Henriquez employed Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin as non-exempt, full-time employees from approximately May 15, 2024, to June 24, 2024, a period of about six weeks.

16. Plaintiffs were hired as non-exempt, full-time, hourly construction workers at a regular rate of $25.00 per hour, with an overtime rate of $37.50 per hour.

17. During their employment with Defendants, all Plaintiffs maintained the same work schedule.

18. Plaintiffs worked Monday through Friday, from 7:00 a.m. to 5:00 p.m., totaling 10 hours per day or 50 hours per week. Plaintiffs did not receive bona fide lunch breaks, as they were frequently interrupted.

19. Despite working 50 hours per week, Plaintiffs were not paid their regular or overtime wages in full or in a timely manner on designated payday.

20. In the second week of employment, each Plaintiff received only partial payment of $400.00. Defendants assured Plaintiffs the issue would be promptly resolved.

21. Relying on these assurances, Plaintiffs continued to work for an additional three weeks in expectation of receiving their back wages.

22. However, on or about June 24, 2024, Plaintiffs were compelled to terminate their employment because they could no longer afford to work without compensation.

23. Plaintiffs worked more than 40 hours per week but were not paid the legally required overtime compensation.

24. Plaintiffs did not clock in or out, but Defendants had the ability to track and did track the days and hours worked by Plaintiffs and similarly situated employees. Defendants were fully aware of the actual hours worked.

25. At the time of their leave, Defendants did not pay Plaintiffs their overdue wages.

26. A substantial number of working hours were not paid at any rate, not even at the minimum wage rate, as required by law.

27. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S.C. § 206(a) of the Fair Labor Standards Act ("FLSA").

28. Defendants also failed to pay Plaintiffs overtime compensation at one and one-half times their regular rate for all hours worked over forty (40) in a workweek, in violation of Section 7(a) of the FLSA, 29 U.S.C. § 207(a)(1).

29. At all relevant times, individual Defendant Jose L. Henriquez was, and continues to be, an owner, partner, officer, and manager of Defendant corporation SSCC Group. As an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), Defendant Henriquez acted directly in the interest of Kaye Lifestyle Homes with respect to its employees, including Plaintiffs. He exercised operational and financial control over the business, set Plaintiffs' work schedules, and is jointly and severally liable for Plaintiffs' damages.

30. Plaintiffs do not possess detailed time records but will provide a good-faith estimate of their unpaid wages.

31. Plaintiffs seek to recover unpaid overtime wages accrued during their employment with Defendants, as well as retaliatory damages, liquidated damages, and all other relief available under the law.

32. Plaintiffs have retained the undersigned counsel to represent them individually and on behalf of the proposed class in this action and are obligated to pay reasonable attorneys' fees and costs.

<u>Collective Action Allegations</u>

33. Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement.

34. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

35. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

36. Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin re-adopt every factual allegation stated in paragraphs 1-35 of this Complaint as if set out in full herein.

37. Plaintiffs bring this action, and those similarly situated, to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC § 207. 29 USC § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

38. Defendants Kaye Lifestyle Homes and Jose L. Henriquez employed Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin as non-exempt, full-time employees from approximately May 15, 2024, to June 24, 2024, a period of about six weeks.

39. Plaintiffs were hired as non-exempt, full-time, hourly construction workers at a regular rate of $25.00 per hour, with an overtime rate of $37.50 per hour.

40. During their employment with Defendants, all Plaintiffs maintained the same work schedule.

41. Plaintiffs worked Monday through Friday, from 7:00 a.m. to 5:00 p.m., totaling 10 hours per day or 50 hours per week. Plaintiffs did not receive bona fide lunch breaks, as they were frequently interrupted.

42. Despite working 50 hours per week, Plaintiffs were not paid their regular or overtime wages in full or promptly on the designated payday.

43. In the second week of employment, each Plaintiff received only partial payment of $400.00. Defendants assured Plaintiffs the issue would be promptly resolved.

44. Relying on these assurances, Plaintiffs continued to work for an additional three weeks in expectation of receiving their back wages.

45. However, on or about June 24, 2024, Plaintiffs were compelled to terminate their employment because they could no longer afford to work without compensation.

46. Plaintiffs worked more than 40 hours per week but were not paid the legally required overtime compensation.

47. Plaintiffs did not clock in or out, but Defendants had the ability to track and did track the days and hours worked by Plaintiffs and similarly situated employees. Defendants were fully aware of the actual hours worked.

48. Therefore, Defendants also failed to pay Plaintiffs overtime compensation at one and one-half times their regular rate for all hours worked over forty (40) in a workweek, in violation of Section 7(a) of the FLSA, 29 U.S.C. § 207(a)(1).

49. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should

be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees, upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

50. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

51. Plaintiffs do not have time records, but they will provide a good-faith estimate of their unpaid overtime hours, as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery.

## 1.- Overtime claim of Plaintiff Francisco Ortiz

a. <u>Total amount of alleged unpaid wages</u>:

Two Thousand Two Hundred Fifty Dollars and 00/100 ($2,250.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 6 weeks
Total relevant weeks of employment: 6 weeks
Total hours worked: 50 hours
Total Unpaid O/T hours: 20 hours
Regular rate: $25.00 x 1.5=$37.50
O/T rate: $37.50 an hour

$37.50 x 10 O/T hours=$375.00 weekly x 6 weeks=$2,250.00

c.  <u>Nature of wages:</u>

This amount represents unpaid overtime wages.[1]

## 2.- Overtime claim of Plaintiff Juan Mendoza

a.  <u>Total amount of alleged unpaid wages:</u>

Two Thousand Two Hundred Fifty Dollars and 00/100 ($2,250.00)

b.  <u>Calculation of such wages:</u>

Total weeks of employment: 6 weeks
Total relevant weeks of employment: 6 weeks
Total hours worked: 50 hours
Total Unpaid O/T hours: 20 hours
Regular rate: $25.00 x 1.5=$37.50
O/T rate: $37.50 an hour

$37.50 x 10 O/T hours=$375.00 weekly x 6 weeks=$2,250.00

c.  <u>Nature of wages:</u>

This amount represents unpaid overtime wages.[2]

## 3.- Overtime claim of Plaintiff Juan M. Ortiz

a.  <u>Total amount of alleged unpaid wages:</u>

---

[1] At this time, Plaintiff Francisco Ortiz has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

[2] At this time, Plaintiff Juan Mendoza has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Two Thousand Two Hundred Fifty Dollars and 00/100 ($2,250.00)

b. <u>Calculation of such wages:</u>

Total weeks of employment: 6 weeks
Total relevant weeks of employment: 6 weeks
Total hours worked: 50 hours
Total Unpaid O/T hours: 20 hours
Regular rate: $25.00 x 1.5=$37.50
O/T rate: $37.50 an hour

$37.50 x 10 O/T hours=$375.00 weekly x 6 weeks=$2,250.00

c. <u>Nature of wages:</u>

This amount represents unpaid overtime wages.[3]

### 4.- Overtime claim of Plaintiff Samuel Marquin

a. <u>Total amount of alleged unpaid wages:</u>

Two Thousand Two Hundred Fifty Dollars and 00/100 ($2,250.00)

b. <u>Calculation of such wages:</u>

Total weeks of employment: 6 weeks
Total relevant weeks of employment: 6 weeks
Total hours worked: 50 hours
Total Unpaid O/T hours: 20 hours
Regular rate: $25.00 x 1.5=$37.50
O/T rate: $37.50 an hour

$37.50 x 10 O/T hours=$375.00 weekly x 6 weeks=$2,250.00

---

[3] At this time, Plaintiff Juan M. Ortiz has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

c.  <u>Nature of wages:</u>

This amount represents unpaid overtime wages.[4]
    **<u>1.- Overtime claim of Plaintiff Rigoberto Marquin</u>**

a.  <u>Total amount of alleged unpaid wages:</u>

Two Thousand Two Hundred Fifty Dollars and 00/100 ($2,250.00)

b.  <u>Calculation of such wages:</u>

Total weeks of employment: 6 weeks
Total relevant weeks of employment: 6 weeks
Total hours worked: 50 hours
Total Unpaid O/T hours: 20 hours
Regular rate: $25.00 x 1.5=$37.50
O/T rate: $37.50 an hour

$37.50 x 10 O/T hours=$375.00 weekly x 6 weeks=$2,250.00

c.  <u>Nature of wages:</u>

This amount represents unpaid overtime wages.[5]

52. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still,

---

[4] At this time, Plaintiff Samuel Marquin has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

[5] At this time, Plaintiff Rigoberto Marquin has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

53. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

54. Defendants Kayes Lifestyle Homes and Jose L. Henriquez willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiff's employment with Defendants.

55. Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, Rigoberto Marquin, and those similarly situated, respectfully request

that this Honorable Court:

A. Enter judgment for Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, Rigoberto Marquin, and other similarly situated individuals and against the Defendants Kayes Lifestyle Homes and Jose L. Henriquez, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin demand a trial by a jury of all issues triable as a matter of right.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

56. Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin re-adopt every factual allegation as stated in paragraphs 1-35 of this Complaint as if set out in full herein.

57. Plaintiffs bring this action to recover from the Employers, Kayes Lifestyle Homes, and Jose L. Henriquez unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

58. Defendant Kayes Lifestyle Homes was and is subject to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

59. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

60. Defendants Kaye Lifestyle Homes and Jose L. Henriquez employed Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin as non-exempt, full-time employees from approximately May 15, 2024, to June 24, 2024, a period of about six weeks.

61. Plaintiffs were hired as non-exempt, full-time, hourly construction workers at a regular rate of $25.00 per hour.

62. During their employment with Defendants, all Plaintiffs maintained the same work schedule.

63. Plaintiffs worked Monday through Friday, from 7:00 a.m. to 5:00 p.m., totaling 10 hours per day or 50 hours per week. Plaintiffs did not receive bona fide lunch breaks, as they were frequently interrupted.

64. Despite working 50 hours per week, Plaintiffs were not paid their regular or overtime wages in full or promptly on the designated payday.

65. In the second week of employment, each Plaintiff received only partial payment of $400.00. Defendants assured Plaintiffs the issue would be promptly resolved.

66. Relying on these assurances, Plaintiffs continued to work for an additional three weeks in expectation of receiving their back wages.

67. However, on or about June 24, 2024, Plaintiffs were compelled to terminate their employment because they could no longer afford to work without compensation.

68. At the time of their leave, Defendants did not pay Plaintiffs their overdue wages.

69. A substantial number of working hours were not paid at any rate, not even at the minimum wage rate, as required by law.

70. Plaintiffs did not clock in or out, but Defendants had the ability to track and did track the days and hours worked by Plaintiffs and similarly situated employees. Defendants were fully aware of the actual hours worked.

71. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 US Code §206 (a)(1).

72. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

73. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their

Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

74. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' reasonable faith estimate of unpaid wages is as follows:

**<u>Minimum wage calculations for Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin</u>**

Total weeks of employment: 6 weeks
Total relevant weeks of employment: 6 weeks
Total hours worked: 50 hours
Number of unpaid hours: 50 regular hours
Regular rate: $25.00
Federal Minimum wage: $7.25

1.  Minimum wage Plaintiff Francisco Ortiz
    $7.25 x 50 hours= $362.50 weekly x 6 weeks=$2,175.00

2.  Minimum wage Plaintiff Juan Mendoza
    $7.25 x 50 hours= $362.50 weekly x 6 weeks=$2,175.00

3.  Minimum wage Plaintiff Juan M. Ortiz
    $7.25 x 50 hours= $362.50 weekly x 6 weeks=$2,175.00

4.  Minimum wage Plaintiff Samuel Marquin
    $7.25 x 50 hours= $362.50 weekly x 6 weeks=$2,175.00

5.  Minimum wage Plaintiff Rigoberto Marquin
    $7.25 x 50 hours= $362.50 weekly x 6 weeks=$2,175.00

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations when payroll records are provided after discovery. Plaintiffs have not deducted the partial payment received ($400.00)

75. Defendants Kayes Lifestyle Homes and Jose L. Henriquez unlawfully failed to pay Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin minimum wages.

76. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employees' employment with Defendants as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

77. Defendants Kayes Lifestyle Homes and  Jose L. Henriquez willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act.

78. Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay reasonable Attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, Rigoberto Marquin, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin against Defendants Kayes Lifestyle Homes and Jose L. Henriquez based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq., and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin, and those similarly situated, demand trial by a jury of all issues triable as a right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL**
**DEFENDANTS**

79. Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin re-adopt every factual allegation stated in paragraphs 1-32 of this Complaint as if set out in full herein.

80. Defendants Kayes Lifestyle Homes and Jose L. Henriquez were and are engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B).

81. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

82. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

83. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

84. Defendants Kaye Lifestyle Homes and Jose L. Henriquez employed Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin as non-exempt, full-time employees from approximately May 15, 2024, to June 24, 2024, a period of about six weeks.

85. Plaintiffs were hired as non-exempt, full-time, hourly construction workers at a regular rate of $25.00 per hour, with an overtime rate of $37.50 per hour.

86. During their employment with Defendants, all Plaintiffs maintained the same work schedule.

87. Plaintiffs worked Monday through Friday, from 7:00 a.m. to 5:00 p.m., totaling 10 hours per day or 50 hours per week.

88. Despite working 50 hours per week, Plaintiffs were not paid their regular or overtime wages in full or in a timely manner on the designated payday.

89. In the second week of employment, each Plaintiff received only partial payment of $400.00. Defendants assured Plaintiffs the issue would be promptly resolved.

90. Relying on these assurances, Plaintiffs continued to work for an additional three weeks in expectation of receiving their back wages.

91. However, on or about June 24, 2024, Plaintiffs were compelled to terminate their employment because they could no longer afford to work without compensation.

92. Plaintiffs did not clock in or out, but Defendants had the ability to track and did track the days and hours worked by Plaintiffs and similarly situated employees. Defendants were fully aware of the actual hours worked.

93. At the time of their leave, Defendants did not pay Plaintiffs their overdue wages.

94. A substantial number of working hours were not paid at any rate, not even at the minimum wage rate, as required by law.

95. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S.C. § 206(a) of the Fair Labor Standards Act ("FLSA").

96. Defendants also failed to pay Plaintiffs overtime compensation at one and one-half times their regular rate for all hours worked over forty (40) in a workweek, in violation of Section 7(a) of the FLSA, 29 U.S.C. § 207(a)(1).

97. Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin complained many times to their employers. The Plaintiffs requested Defendants Kayes Lifestyle Homes and Jose L. Henriquez be paid properly for regular and overtime hours.  Plaintiff always received the same misleading answer: "We will fix the problem soon:

98. These complaints constituted protected activity under 29 USC 215(a)(3).

99. Nevertheless, Defendants did not correct the problem and continued denying Plaintiff minimum wages and overtime payment as required by law.

100.    On or about June 24, 2024, Plaintiffs were forced to resign because they were working too many hours, but they did not receive appropriate compensation.

101.    Consequently, on or about June 24, 2024, Plaintiff was constructively discharged because Defendants deliberately created unfair working conditions that a reasonable person could not accept.

102.    At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiff constructively.

103.    There is proximity between Plaintiff's protected activity and their constructive termination.

104.    The motivating factor that caused Plaintiff's constructive discharge, described above, was their complaints seeking minimum wages and unpaid overtime hours from Defendants. Defendants' constructive discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

105.    Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable Attorney's fees and costs.

## Prayer For Relief

Wherefore, Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin respectfully request that this Honorable Court:

A. Enter judgment declaring that the discharge of Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin by Defendants was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants Kayes Lifestyle Homes, Jose L. Henriquez, and Peeter Hansen, awarding Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date, and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiffs reasonable Attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiffs Francisco Ortiz, Juan Mendoza, Juan M. Ortiz, Samuel Marquin, and Rigoberto Marquin demand a trial by a jury of all issues triable as a matter of right.

Date: September 25, 2025

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*